**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

**STEPHEN BOWERY,**

       **PLAINTIFF,**

                                  **No. _____**

**v.**

**GRAHAM BRANTLEY;**
**and CITY OF SEVIERVILLE, TENNESSEE;**

       **DEFENDANTS.**

---

**COMPLAINT**

---

      Comes the Plaintiff, Stephen Bowery, by and through counsel, and sues the

Defendants, and for his cause of action would show:

## I. INTRODUCTION

1.     This is a civil rights action for compensatory and punitive damages

      brought by Plaintiff pursuant to 42 U.S.C.§1983 and §1988 because of

      actions by the Defendants which occurred on or about September 15,

      2015, in Sevierville, Tennessee, which actions violated Plaintiff's rights as

      guaranteed under the Fourth, Fifth, Eighth and Fourteenth Amendments

      to the United States Constitution.

## II. JURISDICTION

2.     Jurisdiction is founded upon 28 U.S.C. §1343.

### III. PARTIES

3.  Plaintiff Stephen Bowery is a citizen and resident of Jefferson County, Tennessee.

4.  Defendant Graham Brantley, at all times relevant herein, was a police officer employed by the Sevierville Police Department.  This Defendant is sued in his official and individual capacities.

5.  Defendant City of Sevierville, Tennessee is a governmental entity organized and existing pursuant to the laws of the State of Tennessee, and is sued in its official capacity.

### IV.  FACTUAL ALLEGATIONS

6.  On or about September 15, 2015, in the late afternoon, Plaintiff was preparing to turn left out of a parking lot onto Douglas Dam Road.  At about the same time, a large pickup truck was proceeding to turn left into that same parking lot.  A collision ensued, and the large pickup truck came to rest on top of the vehicle driven by the Plaintiff.  Plaintiff was injured and was unable to exit his vehicle.

7.  Emergency personnel were called to the scene, and Defendant Officer Brantley came to assist.  He spoke briefly with Plaintiff, but Plaintiff was almost immediately taken by ambulance to the LeConte Medical Center.

8.  Defendant Officer Brantley remained at the scene until the vehicles were removed, then proceeded to LeConte Medical Center for further investigation.

9.  Meanwhile, at LeConte Medical Center, Plaintiff was placed in a room in

the Emergency Department and left alone.  Needing to use the bathroom, he proceeded into the hallway where he was greeted by one of the emergency room personnel, who told him he did not have to stay if he did not want to, and Plaintiff left.  Defendant Officer Brantley had not said anything to Plaintiff about remaining at the hospital for further investigation.

10.     Defendant Officer Brantley, having come to the emergency room at LeConte Medical Center, and not finding Plaintiff, became upset and decided to take out a multitude of warrants against Plaintiff for offenses for which he had no probable cause.  Specifically, Defendant Officer Brantley filled out warrants for the following offenses: possession of firearm under the influence, possession of firearm under the influence, possession of firearm under the influence, driving while intoxicated, possession of drug paraphernalia, tampering with evidence, unregistered vehicle and failure to yield right of way.

11.     Later that same evening, Plaintiff was arrested on those warrants and remained in the custody of the Sevier County Jail until he was able to post bond the following day.  Prior to that day, Plaintiff had never been arrested for anything in his life.

12.     On December 4, 2015, Plaintiff appeared in the Sevier County General Sessions Court for a preliminary hearing on the charges brought against him, and the State elected to dismiss all offenses charged, but for the charge of failure to yield.

13.    Failure to yield is a Class C Misdemeanor, and under Tenn. Code Ann.

§40-7-118 is not an offense for which an arrest warrant should be issued;

rather, a citation should have been issued.

14.    As a consequence of Defendants' actions, Plaintiff endured tremendous

pain and suffering, and he lost his lucrative job.  Since being exonerated,

he has fortunately regained his position with his former employer.

15.    At all times relevant herein, Defendants, and each of them, were acting

under color of state law, and by virtue of and under color of office, and

under the customs and usages of the State of Tennessee.

16.    Plaintiff avers that he was entitled to be free from arrest and/or seizure,

except upon a showing of probable cause, as guaranteed to him by the

United States Constitution, pursuant to 42 U.S.C. §1983.

17.    At all times relevant herein, Defendant City of Sevierville, Tennessee,

through it's agent the Chief of Police, Don Myers, was the supervisor of

Defendant Graham Brantley, and that Defendant City of Sevierville,

Tennessee, hired Defendant Officer Brantley with little or no investigation,

or grossly inadequate investigation, into his fitness to be a police officer.

Further, Defendant City of Sevierville, Tennessee, exercised no, or

grossly inadequate supervision over Defendant Officer Brantley after he

became a police officer with the City of Sevierville Police Department.

18.    Finally, Defendant City of Sevierville, Tennessee, failed to properly train

Defendant Officer Brantley in proper police and penal procedure, which

resulted in Plaintiff's constitutional rights being violated.  At the time in

4

question, Defendant City of Sevierville, Tennessee, had in place a policy or custom of failing to properly hire persons like Defendant Officer Brantley and/or improperly training and/or improperly supervising them, so that Plaintiff's constitutional rights were violated.

19. Plaintiff would further show that Defendant City of Sevierville, Tennessee, through its agent, Police Chief Don Myers, upon learning of the unconstitutional actions of Defendant Officer Brantley, refused to discipline this Defendant.

20. The actions of the Defendant has evidenced a deliberate indifference to the rights of the Plaintiff, and an intent to deprive the Plaintiff of his clearly established constitutional rights.

21. At all times herein, Defendant was acting under color of state law and by virtue of, and under color of office, and under the customs and usages of the State of Tennessee.

## V. CAUSES OF ACTION:  FEDERAL CLAIMS

22. Plaintiff incorporates by reference Paragraphs 1-20 within this count.

23. The actions of the Defendant deprived Plaintiff of his right to be free from seizure and arrest, except upon a showing of probable cause all as guaranteed to him under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §1983.

24. As a proximate result of these constitutional violations, Plaintiff has suffered economic losses, received physical and psychological injury,

endured pain and suffering and incurred other damages for which he seeks compensation.

25. Defendant Officer Brantley acted in bad faith and with a motive to intentionally violate the clearly established constitutional rights of the Plaintiff with such reckless disregard of those clearly established constitutional rights so as to render this Defendant liable to the Plaintiff for punitive damages.

## VI. CAUSES OF ACTION:  STATE CLAIMS

26. Plaintiff incorporates by reference Paragraphs 1-25 within this count.

27. The actions of Defendant Officer Brantley constitute the State torts of false arrest and the intentional infliction of emotional distress, and a violation of Article 1 §7 of the Constitution of the State of Tennessee.

28. Defendant Officer Brantley acted and/or failed to act in good faith, with deliberate indifference to the rights of the Plaintiff, with ill will, malice and spite toward the Plaintiff, and with a motive or purpose to intentionally harm him, so as to render this Defendant liable to the Plaintiff for punitive damages.

## VI. PRAYER FOR RELIEF

PREMISES CONSIDERED, PLAINTIFF PRAYS:

1. That this Court empanel a Jury to try this action.

2. That Plaintiff be awarded three million dollars ($3,000,000.00) compensatory damages against Defendant Officer Brantley, and fifty thousand dollars ($50,000.00) punitive damages against Defendant

Officer Brantley.

3.     That Plaintiff be awarded his reasonable attorney fees and costs.

4.     That Plaintiff have such other, further and general relief to which he may

show himself entitled.

Respectfully submitted this 7th day of April, 2016.


s/John E. Eldridge

John E. Eldridge (BPR No.  06667)
Attorney for Plaintiff
800 S. Gay Street, Suite 2100
Knoxville, TN  37929
Phone: 865-523-7731
Fax: 865-521-0606
Email: johneldrid@aol.com